UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ESTHER I. ALVAREZ, and all others
similarly situated

       Plaintiff,

vs.

BOLLORE LOGISTICS USA, INC., a
New York Corporation,

       Defendant.

_____/

# COMPLAINT

COMES NOW Plaintiff, ESTHER I. ALVAREZ ("ALVAREZ"), by and through her undersigned attorney, and hereby sues Defendant, BOLLORE LOGISTICS USA, INC., a New York Corporation, ("BOLLORE") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.      This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of unpaid wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.      Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5.      Defendant BOLLORE is a New York corporation which regularly conducted business within the Southern District of Florida.

6.      BOLLORE is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce.  Specifically, ALVAREZ and at least one other employee of BOLLORE would routinely handle tools, equipment, and materials, which had travelled in interstate commerce. Furthermore, BOLLORE, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7.      Upon information and belief, the annual gross revenue of BOLLORE was at all times material hereto in excess of $500,000.00 per annum gross annual revenue in excess of $500,000. Upon information and belief, BOLLORE has had gross annual revenue in excess of $500,000.00 in the years 2017, 2018, and 2019.

8.      By reason of the foregoing, BOLLORE is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## COUNT I: OVERTIME WAGES

9.      Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

10.     Plaintiff is employed by the Defendant as a non-exempt office employee.

11.     Plaintiff was employed from on or about May 2006 through on or about December 13, 2019.

12.     Plaintiff worked approximately an average of 65 hours per week.

13.     The wage that Plaintiff received varied from week to week. Plaintiff was paid a rate of $1,192.30 per week. In addition, Plaintiff received an additional sum of $125.00 but only for weeks on which Plaintiff worked a Saturday.

14.     The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA

15.     Defendant failed to comply with the FLSA by failing to pay Plaintiff her overtime wages at the rate of time and one-half for all hours worked in excess of forty (40) per workweek.

16.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendant was aware of Plaintiff's pay records and the rate that she was being paid for her hours. Despite Defendant having knowledge of Plaintiff's hours and its failure to pay overtime wages, Defendant did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due. Further, Defendant misclassified Plaintiff in an attempt to avoid paying Plaintiff the overtime wages which are due.

17.     The similarly situated individuals to the Plaintiff are all office workers whom worked for Defendant in the capacity as an office worker, and whom were not paid overtime wages.

18.     Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.


Dated: May 19, 2020

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561